**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1196**

———————

CAROL P. TAYLOR, Individually and As Personal Representative of the Estate of Damion Rashard Farmer; DARWIN O'SHEA FARMER,

　　　　　Plaintiffs - Appellants,

　　　v.

PRINCE GEORGE'S COUNTY, MARYLAND; BRANDON TYREE FOOKS,

　　　　　Defendants - Appellees.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:22-cv-01129-PX)

———————

Submitted:  March 19, 2025　　　　　　　　　　Decided:  May 1, 2025

———————

Before WILKINSON, QUATTLEBAUM, and BERNER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Latoya A. Francis-Williams, Randallstown, Maryland; Sheridan T. Yeary, Columbia, Maryland, for Appellants.  Rhonda L. Weaver, County Attorney, Shelley L. Johnson, Deputy County Attorney, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Largo, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carol P. Taylor and Darwin O'Shea Farmer ("Plaintiffs") appeal the district court's order granting summary judgment to Prince George's County, Maryland ("the County"), and County police officer Brandon Fooks (together, "Defendants") in Plaintiffs' 42 U.S.C. § 1983 action. Taylor sued Defendants individually and as the personal representative of the estate of her and Farmer's son, Damion Farmer ("Damion"), who was killed in a car accident on December 19, 2020. On appeal, Plaintiffs argue that the court erred in granting summary judgment without discovery. They further challenge the merits of the court's decision to grant summary judgment to Defendants on Plaintiffs' claims that Defendants' gross negligence and Fourth Amendment violations contributed to Damion's death. Lastly, Plaintiffs argue that the court erred in granting Defendants an extension of time to file the summary judgment motion. We affirm.

We review a district court's pre-discovery grant of summary judgment for abuse of discretion. *Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023). "Generally, summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* (internal quotation marks omitted). However, "a nonmoving party cannot complain that summary judgment was granted without discovery unless that party attempted to oppose the motion on the grounds that more time was needed for discovery." *Id.* (internal quotation marks, ellipsis, and brackets omitted). Here, Plaintiffs did not argue that discovery was necessary. In fact, they specifically asserted that the evidence submitted with the parties' filings precluded

2

summary judgment even without discovery. We therefore conclude that the district court did not abuse its discretion by granting summary judgment before discovery.

Where, as here, "a district court did not abuse its discretion in considering summary judgment pre-discovery, we proceed to review the district court's grant of summary judgment de novo." *Id.* at 129. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing whether summary judgment was appropriate, we "construe all facts and reasonable inferences in the light most favorable to the nonmoving party." *Shaw*, 59 F.4th at 129. However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

To prevail on their Fourth Amendment claims, Plaintiffs had to show that Defendants seized Damion. *See, e.g., United States v. Cloud*, 994 F.3d 233, 242 (4th Cir. 2021) (explaining that "an attempted seizure . . . is not subject to Fourth Amendment protection" (internal quotation marks omitted)). Where "physical force is absent, a seizure requires both a show of authority from law enforcement officers and submission to the assertion of authority by the defendant." *United States v. Stover*, 808 F.3d 991, 995 (4th Cir. 2015); *see Cloud*, 994 F.3d at 242 ("For a seizure to occur, the defendant must actually submit to that show of authority."). We have reviewed the record, and the undisputed evidence shows that Defendants did not physically seize Damion and

3

that Damion did not submit to a show of authority. Accordingly, the district court did not err in granting summary judgment to Defendants on Plaintiffs' Fourth Amendment claim.

Likewise, we conclude that the district court did not err in granting summary judgment to Defendants on Plaintiffs' gross negligence claim. On appeal, Plaintiffs argue that Fooks contributed to Damion's death by negligently activating the lights on his police vehicle. But there is no evidence to suggest that Fooks, who arrived at the scene of the crash after it happened, contributed to the accident—let alone that he intended to injure Damion or was utterly indifferent to Damion's rights or safety. *See Stracke v. Estate of Butler*, 214 A.3d 561, 568-69 (Md. 2019) (noting that, under Maryland law, a "wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist" (internal quotation marks omitted)).

Finally, we discern no abuse of discretion in the district court's decision to grant Defendants an extension of time to file their motion for summary judgment. Plaintiffs contend that the court erred in granting the extension as to all Defendants, instead of only the County, and without conducting an excusable neglect analysis pursuant to Fed. R. Civ. P. 6(b)(1)(B). But Defendants indicated that the request for an extension of time was filed on behalf of all Defendants, not just the County, and they filed the request within the time period set forth in the court's case management order. Accordingly, the court was not required to determine whether Defendants established excusable neglect before granting the extension. *Compare* Fed. R. Civ. P. 6(b)(1)(B) (permitting court to extend deadline "on motion made after the [deadline] has expired if the party failed to act because of

4

excusable neglect"), *with* Fed. R. Civ. P. 6(b)(1)(A) (permitting court to extend deadline "with or without motion or notice if the court acts, or if a request is made, before the original [deadline] or its extension expires").

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*